Carl G. TIEMEYER, Plaintiff,

v.

Jane ZAIKA, et al., Defendants.

No. 3:95–CV–1853–T.

United States District Court,
N.D. Texas,
Dallas Division.

April 23, 1996.

Carl G. Tiemeyer, Irving, TX, Pro Se.

Katherine A. Antwi, Attorney General of Texas, Austin, TX, for defendants.

*ORDER GRANTING DEFENDANTS' MOTION TO DISMISS*

MALONEY, District Judge.

Before the Court is the Motion to Dismiss filed by Defendants Jane Zaika and Paula M. Devore. After considering the motion, the response, and the pleadings in this case, the Court is of the opinion that the motion should be granted.

This is a civil rights case filed *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff Carl G. Tiemeyer claims that agents of the Texas Department of Protective and Regulatory Services fabricated and manufactured evidence to support their decision to separate Tiemeyer from his son. Specifically, Tiemeyer contends that Zaika, his case worker, and Devore, Zaika's supervisor, submitted various reports to the District Attorney containing false and slanderous statements to support a court-ordered separation. Tiemeyer also claims that Defendants administered

medication to his son in a manner contrary to law.

Although the title of Tiemeyer's amended complaint names Zaika as an agent of the TDPRS, it is clear from his response to Defendants' motion to dismiss that he intends to sue Defendants in their individual capacities, and names them as agents of TDPRS only because he is suing them as state actors acting under color of state law. Tiemeyer states that he does not intend to sue Defendants in their official capacities.

Defendants claim that their actions regarding Tiemeyer's son were at all times done in good faith and in the course and scope of their employment. Further, Defendants contend that their actions were at all times performed in the best interest of the child. Defendants contend that Tiemeyer has failed to allege facts which would overcome their defense of qualified immunity. Defendants move the Court to dismiss Tiemeyer's complaint pursuant to Rule 12(b)(6) for failure to state a claim.

A motion under Rule 12(b)(6) tests the legal sufficiency of claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307 (5th Cir.1986). The court must decide whether the material facts alleged would entitle a plaintiff to offer evidence regarding the legal remedy it requests. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Unless the answer is unequivocally no, the motion must be denied. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

On a motion to dismiss, the Court must accept as true all well-pleaded facts in the complaint, and the complaint is to be liberally construed in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). However, the Court will not accept conclusory allegations in the complaint as true. *Id.* Also, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Id.*

After a review of the amended complaint and the record in this case, the Court determines that Tiemeyer's claims closely resemble those asserted by the plaintiff in *Doe v. State of Louisiana*, 2 F.3d 1412 (5th Cir. 1993). In *Doe*, the plaintiff alleged that a case worker and her supervisor "attempted to manipulate the children to give false evidence against Doe, coerced the mother, created false evidence, withheld and ignored exculpatory evidence, and made misrepresentations to the mother and to two judges and the District Attorney, and thereby interfered with the plaintiff's right to family integrity under the Fourteenth Amendment." *Id.* at 1415. The defendants filed a motion to dismiss in the district court based on qualified immunity. The district court denied the motion to dismiss, and the defendants filed an interlocutory appeal.

The Fifth Circuit determined as a matter of law that although the plaintiff had a substantive due process liberty interest in the care and custody of his children, the contours of that right were not sufficiently particularized at the time of the alleged unlawful conduct to consider the right clearly established. *Id.* at 1420. Even though concurring Judge King described the actions of the defendants as "nightmarish," and that their methods were "best described as a witchhunt," the Fifth Circuit did not explicitly define the contours of the plaintiff's substantive due process right. *Doe*, 2 F.3d at 1421. The Fifth Circuit reversed the district court's ruling that the defendants were not entitled the defense of qualified immunity.

In the factually similar case of *Kiser v. Garrett*, 67 F.3d 1166 (5th Cir.1995), the panel of the court determined that it was bound by the rule established by the panel in *Doe*, that "although a substantive due process right to family integrity has been recognized, the contours of that right are not well-defined, and continue to be nebulous, especially in the context of a state's taking custody of a child during an investigation of possible parental abuse." *Id.* at 1173. Again, the Fifth Circuit refrained from explicitly defining the contours of the plaintiff's substantive due process right.

In the instant case, assuming as the Court must, the truth of Tiemeyer's allegations, Zaika and Devore prepared false reports and manufactured evidence that Tiemeyer had sexually molested his son for the express purpose of separating him from his son. The false reports were prepared for the purpose of submission to a family court, which would then decide the issue of the continued placement of his child. Additionally, Tiemeyer remains separated from his son. Thus, state actors, acting under color of state law, used lies and deceit to intentionally deprive Tiemeyer of legal custody of his son.

Because of the nature of the written opinions in *Doe* and *Kiser*, where the Fifth Circuit avoided an explicit articulation of the parents' rights, the Court cannot rule that Tiemeyer has shown that the law was sufficiently clear so that a reasonable state investigator would have known that he or she violated Tiemeyer's rights by acting as it is alleged the state investigators did in this case. Thus, Tiemeyer's claims fail because he, like the plaintiffs in *Doe* and *Kiser*, cannot show that the law was clear at the relevant time. For the reasons stated above, Defendants' motion to dismiss is granted.

 Although the Court is ruling against Tiemeyer, the Court finds it necessary to articulate that a parent's liberty interest in family integrity and harmony includes the right to be free from false allegations of child sexual molestation knowingly made by state investigators in an effort to remove or retain a child from the parents. To continue to deny the claims of parents on the ground that their interest is perennially "nebulous" is to deny them their interest altogether and affords state investigators with *de facto* absolute immunity. Both results are contrary to the law. Parents do enjoy a liberty interest in the integrity and harmony of their families. *Doe*, 2 F.3d at 1417; *Kiser*, 67 F.3d at 1173; *see also Pierce v. Society of Sisters*, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925); *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); Marsha Garrison,

*Child Welfare Decisionmaking: In Search of the Least Drastic Alternative*, 75 GEO. L.J. 1745, 1828–30 nn. 109–11, 144–16 (1987) (collecting numerous cases discussing liberty interest in family). Moreover, state investigators do not enjoy absolute immunity for their conduct in making decisions regarding child welfare of the type at issue here. *Hodorowski v. Ray*, 844 F.2d 1210, 1216–18 (5th Cir.1988). Child welfare investigators enjoy only qualified immunity. *Id.*

 Part of the reluctance of other courts may stem from the proposition that the interest of the parents must be weighed against the interest of the state in child safety and welfare. *See Doe*, 2 F.3d at 1418; *Kiser*, 67 F.3d at 1170. However, it is a small step in drawing the contours of the interests of the parents to rule that the interest includes freedom from false accusations of child molestation knowingly made by state officials. *Compare Kiser*, 67 F.3d at 1174 (declining to address issue of whether investigators had an affirmative duty to disclose exculpatory evidence during a child welfare investigation). After all, such false allegations constitute official misconduct, and qualified immunity does not protect officials who "knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986). Also, the state's interest in child safety and welfare is not served when an official knowingly and falsely charges a parent with sexual abuse.

Regardless of the foregoing, the Court is constrained to follow Fifth Circuit precedent. The civil rights claims of Plaintiff Carl G. Tiemeyer against Defendants Jane Zaika and Paula M. Devore are dismissed with prejudice.

It is therefore **ORDERED** that the Motion to Dismiss filed by Defendants Jane Zaika and Paula M. Devore, on February 6, 1996, is **granted.**

It is **FURTHER ORDERED** that the civil rights claims of Plaintiff Carl G. Tiemeyer against Defendants Jane Zaika and Paula M. Devore are **dismissed with prejudice.**